**WHITEHEAD et al. v. REPUBLIC GEAR CO.**

No. 8880.

Circuit Court of Appeals, Ninth Circuit.

March 1, 1939.

H. C. Belt and Shank, Belt, Rode & Cook, all of Seattle, Wash., for appellants.

Bogle, Bogle & Gates, Stanley B. Long, and Donald E. Leland, all of Seattle, Wash., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from an order sustaining a demurrer to appellants' second amended complaint and dismissing the suit with prejudice. The question presented is whether the pleading states a cause of action. In their original complaint appellants named as defendants, in addition to appellee Republic Gear Company, the Morrison Mill Company and one of its employees. Recovery was sought for damages growing out of a collision between a coupe operated by appellant Whitehead, in which appellant Peck was a passenger, and a truck owned by the Mill company and operated by its employee. Appellee's negligence contributing to the collision was alleged to have arisen from the manufacture and sale of a defective axle installed in the truck. The amended complaint, from the dismissal of which the appeal was taken, omitted previous specific allegations of negligence on the part of the Mill company and its employee, but retained in amplified form allegations of negligence attributed to appellee.

In substance it was alleged that appellee manufactured and sold to a distributor an axle which appeared to be suitable and safe for installation in a truck of the type

owned by the Morrison Mill Company, and represented to the public that the axle was of such character. The axle, however, was constructed of defective material, had been subjected in its manufacture to improper heat treatment, had been shaped with improper fillets, and in consideration of its described defects was of inadequate size and shape. It was purchased from the distributor by the Mill company and installed by the latter in its truck. There was nothing in the appearance of the axle which would give notice to a purchaser of its latent defects, and the Mill company had no knowledge of such defects or opportunity to obtain knowledge. Because of the inherent defects described, a condition known to metallurgists as "fatigue structure" developed in the axle.

About midnight on the date of the collision the truck was being operated on the highway. As a proximate result of the structural defects the axle broke and the truck thereby became disabled on the highway and was unable to move under its own power, stopping in the lane of travel for cars proceeding in the direction in which the truck was headed. It was alleged "that while the said truck was so stopped as aforesaid on said highway as a proximate result of the negligence of said defendant Republic Gear Company, and before it could be removed from the said highway, the car which was being driven by the plaintiff Melvin Whitehead in a careful and prudent manner came into violent collision with the said truck, causing the damages hereinafter alleged."

In support of their pleading appellants rely on the principle that "a manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, unless carefully made, he should recognize as involving an unreasonable risk of causing substantial bodily harm to those who lawfully use it for a purpose for which it is manufactured and to those whom the supplier should expect to be in the vicinity of its probable use, is subject to liability for bodily harm caused to them by its lawful use in a manner and for a purpose for which it is manufactured." Restatement, Torts, § 395; MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696, Ann.Cas.1916C, 440; 17 A.L.R. 672; 39 A.L.R. 992; 63 A.L.R. 340; 88 A.L.R. 527; 105 A.L.R. 1502; 111 A.L.R. 1239.

We believe it unnecessary to determine the extent to which the doctrine is applied in the state of Washington, where the collision occurred. For the purpose of the decision it will be assumed that the rule stated is accepted there in its full force. So assuming, we think the complaint discloses no sufficient causative relation between the negligence of the appellee and the occurrence resulting in appellants' injury.

The truck, it is alleged, "became disabled" and "unable to move under its own power" in consequence of the breaking of the axle.[1] It "thereupon stopped" on the highway. While so stopped, "and before it could be removed from the highway", it was struck by appellants' car.[2] It thus appears that before the collision occurred the truck had become stationary and appellee's negligence had spent its force. It is not indicated that appellants' car was then in the vicinity. There is no allegation that the truck stopped suddenly or in such manner that the accident could not have been avoided, no allegation that it was properly lighted or that the collision took place before any warning could be given of the presence of this obstacle in the lane of travel. The only reasonable inference to be drawn from the facts stated is that the accident resulted from the negligence of the truck driver in failing to give proper warning. 45 C.J. 1096, 1097. At best the complaint discloses that the subsequent collision was a remote consequence of appellee's negligence.

Affirmed.

---

[1] It was claimed on oral argument that the axle was a "floating" axle, functioning only as a propellant, and not in any way as a support for the truck.

[2] A Washington statute then in force (§ 6362-47, Remington's Revised Statutes) reads as follows: "No person shall park or leave standing any vehicle whether attended or unattended upon the paved or improved or main traveled portion of any public highway when it is practicable to park or leave such vehicle standing off of the road or improved or main traveled portion of such highway. * * * The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of the public highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."